**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LOUIS JAMES STRIANESE,**

       **Plaintiff,**

**vs.**                              **Case No. 4:12cv110-MW/CAS**

**KENNETH TUCKER,**

       **Defendant.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

The pro se Plaintiff filed a third amended complaint, doc. 24, under 42 U.S.C. § 1983, and service was directed. Doc. 26. Defendant filed a motion to dismiss asserting Eleventh Amendment immunity, qualified immunity, failure to state a claim, and failure to exhaust administrative remedies. Doc. 38. Plaintiff filed a response in opposition to the motion. Doc. 40.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the

standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129

S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* <u>Twombly</u>, 550 U.S. at 570, 127

S.Ct. 1955.[1] "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949, *citing* <u>Twombly</u>, 550 at 556; *see also*

<u>Speaker v. U.S. Dept. of Health</u>, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility

standard" is not the same as a "probability requirement," and "asks for more than a

sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 129 S.Ct. at 1949,

*quoting* <u>Twombly</u>, 550 at 556. A complaint that "pleads facts that are 'merely consistent

with' a defendant's liability," falls "short of the line between possibility and plausibility."

<u>Iqbal</u>, 129 S.Ct. at 1949, *quoting* <u>Twombly</u>, 550 at 557.

The pleading standard is not heightened, but flexible, in line with Rule 8's

command to simply give fair notice to the defendant of the plaintiff's claim and the

grounds upon which it rests. <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992,

998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil

actions, with limited exceptions."). Pro se complaints are held to less stringent

standards than those drafted by an attorney. <u>Wright v. Newsome</u>, 795 F.2d 964, 967

---

[1] The complaint's allegations must be accepted as true when ruling on a motion
to dismiss, <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992),
*cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a
judge's disbelief of a complaint's factual allegations." <u>Twombly</u>, 127 S.Ct. at 1965,
*quoting* <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338
(1989).

(11th Cir. 1986), citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* <u>Twombly</u>, 127 S.Ct. at 1966. A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." <u>Twombly</u>, 127 S.Ct. at 1964-65. Claims lacking merit may be dealt with through summary judgment under Rule 56. <u>Swierkiewicz</u>, 122 S.Ct. at 998-999.

**Allegations of the complaint, doc. 24**

Plaintiff alleges he is a "69 year old non-smoker who comes from a non-smoking household." Doc. 24 at 5. Plaintiff did not suffer from "any pulmonary disease prior to his incarceration in D.O.C." *Id.* Plaintiff alleges the Secretary of the Department of Corrections (named as the sole Defendant) authorized and directed that cigarettes and other tobacco products be placed in all prisons, providing all inmates access to purchase such products. *Id.* Plaintiff further alleges that despite the dangers of secondhand smoke, Defendant placed more importance over the revenue derived from the sale of such products over the welfare of the prison population. *Id.* at 5. Due to the Defendant's deliberate indifference, Plaintiff alleges he contracted emphysema. *Id.* at 5-6. Plaintiff contends the Defendant showed indifference by failing to provide separate housing and adequate ventilation for non-smokers. *Id.* at 6.

Plaintiff asserts he was subjected to toxic ETS [environmental tobacco smoke] during his incarceration within the Department of Corrections beginning on March 22, 2000, and continuing until tobacco products were no longer sold in Florida prisons on September 30, 2011. *Id.* at 6. Plaintiff contends he was housed in a dormitory with over 100 inmates who smoked "24-7" and forced him to "inhale smoke from a minimum of more than 10 packs of cigarettes each day." *Id.* At another point, Plaintiff was housed in a cell with a "very heavy smoker who would have his smoking friends in the cell from morning to night continually smoking causing [Plaintiff] to choke constantly." *Id.* Plaintiff contends they smoked over five packs of cigarettes a day, subjecting Plaintiff to ETS. *Id.*

Plaintiff alleges that he began experiencing breathing difficulties in 2008. *Id.* at 6. After suffering from, and complaining of, shortness of breath for a considerable period of time, Plaintiff was given a full medical examination in April 2011. *Id.* at 6-7. Thereafter, Plaintiff was diagnosed with emphysema. *Id.* at 7. Plaintiff asserts a violation of his Eighth Amendment rights and claims he was "denied his right to be protected from hazardous conditions during his incarceration . . . ." *Id.* at 8. As relief, Plaintiff seeks "reasonable monetary relief for pain, suffering and future medical expenses . . . ." *Id.*

**Analysis**

**Exhaustion**

In enacting the Prison Litigation Reform Act, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons). The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their

responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[2].

A prisoner must comply with the process set forth and established by the State's grievance procedures. *See* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance. *See* Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373. If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. Brown, 212 F.3d at 1206, n.1; Jones, 549 U.S. at 223, 127 S.Ct. at 925 (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action.").

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the

---

[2] The Court concluded that the statute does not impose "a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (stating "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007) ("Jones does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to Jones have all put the burden of proof on defendants, to the extent that they addressed the issue.").

Factual disputes concerning the exhaustion of administrative remedies may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1373-74, 1376.  Even though evidence may be presented to support or refute a contention that a prisoner has not exhausted the grievance process, exhaustion is a "matter in abatement and not generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss, not a summary judgment motion.  Id., at 1374-75.  When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs, "which permits courts to hear evidence outside of the record on affidavits submitted by the parties."  Id., at 1377, n.16.  Further, a credibility finding may be made after review of the relevant documentary evidence.  Id.

Plaintiff is housed within the Florida Department of Corrections which has an administrative grievance program, FLA. ADMIN. CODE R. 33-103.  The Department's grievance process is exhausted when an inmate files an informal grievance, followed by a formal grievance filed at the institutional level, and then a grievance appeal filed with

the Secretary's Office.  Doc. 38, p. 12.  If a complaint concerns a medical issue,

inmates are permitted to bypass the informal grievance stage and initiate the process

by filing a formal grievance.  *Id.*

Defendant points out that Plaintiff was an inmate when he initiated this action.

Doc. 38 at 13, *citing* doc. 1.  Despite Plaintiff's allegations that he began experiencing

breathing problems in 2008 and shortness of breath in 2011, "Plaintiff never once filed

any grievance regarding cigarette smoke or respiratory condition during his 12 years of

incarceration."  Doc. 38 at 13; *see* Defendant's Ex. A (Padgham affidavit).

Defendant provided the affidavit of Rebecca Padgham, the custodian of records

for the Florida Department of Corrections.  Doc. 38-1 (Defendant's Ex. A).  Padgham

states that she reviewed Plaintiff's grievances which are kept in the Department's

Central Office and none of the grievances in the file "relate in any manner whatsoever

to the issue of cigarette smoke or any type of respiratory condition."  *Id.*

Plaintiff promptly filed his response to the motion to dismiss, doc. 40, and states

that Defendant is in error when claiming Plaintiff failed to exhaust his administrative

remedies.  Doc. 40 at 2.  Plaintiff states that "as a matter of fact, [he] did exhaust all

available administrative remedies during his period of incarceration."  *Id.*  Plaintiff then

erroneously argues that "[t]he Supreme Court in previous cases has ruled, 'Even if

Plaintiff has not exhausted all available administrative remedies prior to his or her

release from incarceration, he or she is still entitled to relief.' "  *Id.*  Plaintiff contends that

Rebecca Padgham's affidavit is "false and misleading."  *Id.* at 3.

Plaintiff's response to the motion to dismiss makes the conclusory assertion that

Plaintiff exhausted administrative remedies, but Plaintiff fails to provide any support for

that contention. Plaintiff provides no dates or times as to when he exhausted administrative remedies, nor does he state whether he submitted grievances at all three stages of the grievance process or just the final two. Plaintiff does not assert any facts as to where he was housed when he submitted a grievance, who responded to his grievance, or the response provide to his grievance. Plaintiff's assertion, made without any support, does not overcome the Defendant's sworn affidavit.

To ensure a full and complete review of this issue, Plaintiff's earlier complaints have been reviewed as well. In his amended complaint, doc. 10, Plaintiff asserted exhaustion of administrative remedies and provided dates of the grievance steps, and copies of the grievances. Doc. 10 at 11-16. Plaintiff's informal grievance was submitted in January of 2011 in which Plaintiff complained about having to turn in his medical passes and walking cane. *Id.* at 12. That grievance is not relevant to Plaintiff's claim concerning exposure to ETS. Later in January 2011, Plaintiff submitted a formal grievance which also concerned Plaintiff's passes and access to sick call. The grievance was denied in February 2011 and, likewise, is not related to Plaintiff's claim in this case. *Id.* at 13-14. Finally, Plaintiff's grievance appeal to the Secretary is not relevant because it continues his issues with medical passes, the walking cane, and sick call. *Id.* at 15-16. Review of these grievances conclusively demonstrates that Plaintiff did not exhaust administrative remedies as to the issue raised in this case.

There is no demonstration that Plaintiff exhausted administrative remedies. Therefore, the motion to dismiss, doc. 38, this action must be granted and the case dismissed without prejudice.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 38, be **GRANTED** and this case be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2013.


S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**